CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/5/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| WANDA ELIZABETH CRAVEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REPUBLIC SERVICES, INC., ) <br> **Serve: C T Corporation System** ) <br>     **Registered Agent** ) <br>     **4701 Cox Road** ) <br>     **Suite 285** ) <br>     **Glen Allen, VA 23060** ) <br> ) <br> and ) <br> ) <br> BFI WASTE SERVICES, LLC, d/b/a ALLIED ) <br> WASTE SERVICES OF LYNCHBURG/ ) <br> REPUBLIC SERVICES OF LYNCHBURG, ) <br> **Serve: C T Corporation System** ) <br>     **Registered Agent** ) <br>     **4701 Cox Road** ) <br>     **Suite 285** ) <br>     **Glen Allen, VA 23060** ) <br> ) <br> Defendants. ) | Case No. 6:21CV00016 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Wanda Elizabeth Craven, by counsel, moves for judgment against Defendants Republic Services, Inc. and BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg (hereinafter, collectively, "Defendants" or "Republic Services"), jointly and severally, and as grounds therefore states as follows:

**STATEMENT OF THE CASE, JURISDICTION AND VENUE**

(1)  This is an action for declaratory, injunctive relief and monetary damages, and to address deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq*. (hereinafter, "Title VII").

(2)  The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

(3)  The claims asserted in this action arose within the Western District of Virginia and the alleged discrimination, retaliation, and damage occurred in the Western District of Virginia.  Venue of this action is thus proper pursuant to 28 U.S.C. § 1391.

(4)  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on July 17, 2020; received a notice of right to sue dated January 6, 2021; and commenced this action within 90 days of receipt thereof (Exhibit A).

(5)  Defendant Republic Services, Inc. is a corporation doing business in the Western District of Virginia and elsewhere.

(6)  Defendant BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg is a limited liability company doing business in the Western District of Virginia and elsewhere.

(7)  Upon information and belief, BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg is a wholly-owned subsidiary of Republic Services, Inc.

(8)  At all times material hereto, Republic Services, Inc. is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a).  At all times material hereto Republic Services, Inc. was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto, Republic Services, Inc. was

a person engaged in an industry affecting commerce which had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiff's employment or the preceding calendar year.

(9)   At all times material hereto, BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a).  At all times material hereto BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg was a person engaged in an industry affecting commerce which had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiff's employment or the preceding calendar year.

(10)   Plaintiff, at all times material hereto, is and was a resident of the Commonwealth of Virginia and was an "employee" of Defendants Republic Services, Inc. and BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg.

(11)   Republic Services, Inc. and BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg, at the times relevant, were joint employers, integrated employers, and/or apparent agents with respect to Ms. Craven.

## STATEMENT OF FACTS

**Ms. Craven worked for Republic Services, a trash collection service, in North Carolina and South Carolina as an Operations Supervisor beginning in 2011.**

(12)   Republic Services is a nationwide recycling and waste disposal service that

services approximately 14 million customers.

(13)  Wanda Elizabeth Craven ("Ms. Craven") was hired by Republic Services on or about March 18, 2011 in its Concord, North Carolina, location as Operations Supervisor.

(14)  In 2013, Ms. Craven transferred to the Charleston, South Carolina, location as Operations Supervisor.

### In November of 2018, Ms. Craven was promoted to Operations Manager and relocated to Virginia for the position.

(15)  In November of 2018, Ms. Craven was promoted to Operations Manager at the Lynchburg, Virginia location.

### Ms. Craven received positive performance reviews until she reported gender discrimination in December of 2019.

(16)  At all times, Ms. Craven met or exceeded Republic Services' legitimate expectations and, in fact, received plaques for Department of the Year in 2016 and 2017.

(17)  Ms. Craven received positive performance reviews until she complained of gender discrimination in December of 2019.

(18)  Ms. Craven was rated as "exceeds expectations" on her 2015 Annual Performance Review.

(19)  Ms. Craven was rated as "exceeds expectations" on her 2016 Annual Performance Review.

(20)  Ms. Craven was rated as "exceeds expectations" on her 2017 Annual Performance Review.

(21)  Ms. Craven was rated as "exceeds expectations" on her 2018 Annual Performance Review.

**Republic Services has a male-dominated workforce.  Ms. Craven's male subordinates and superiors in Virginia treated Ms. Craven vastly different than male supervisors, both taking intentional acts to create scenarios that would result in discipline or termination for Ms. Craven and checking on Ms. Craven to see how she was "handling" herself.**

(22)   Republic Services employs more men than women.

(23)   Ms. Craven, and other women, have been demeaned, discriminated against, and set up for failure by the male employees at Republic Services.

(24)   For example, in May of 2019, Ms. Craven received a text message from Operations Supervisor Jason Williams that Mr. Williams intended to send to another male colleague, not Ms. Craven, stating, "Do you think I should be a dick and not tell Wanda about Joseph's hours starting on Saturday or would that be too mean?"

(25)   Joseph Payne, referenced in the text message, is a Republic Services driver. Mr. Payne at the time worked Monday through Thursday.  If Mr. Payne had to work any days outside his usual workdays, Republic Services had to ensure that he did not violate DOT regulations.

(26)   Thus, Supervisor Williams' text message was an admission that he was contemplating not notifying Ms. Craven that Mr. Payne was going to exceed the 60 hours per week DOT limit, setting her up for failure.

(27)   Despite Ms. Craven reporting this incident to James Reyburn, Division Manager, and Dennis Moriarty, Director of Operations, Supervisor Williams was not reprimanded.

(28)   In addition, Mr. Moriarty would frequently meet with Ms. Craven's direct reports when she was off work to see how Ms. Craven was "handling" herself.

(29)   Mr. Moriarty did not engage in similar behavior with respect to male Operations Managers.

(30) Ms. Craven was excluded from meetings in which she should have been included to be able to perform her job duties as Operations Manager, such as meetings concerning the discontinuance of residential service.

(31) Males were not similarly excluded from these meetings.

(32) Ms. Craven never received the training that was promised and necessary for the position of Operations Manager.

(33) Ms. Craven attempted to call Mr. Moriarty on numerous occasions to address the lack of training; but, she did not receive a return call.

(34) Ms. Craven also was not provided sufficient resources and help to perform her job duties.

(35) For example, Ms. Craven was having to perform both her supervisor's job and a dispatcher's job, in addition to her own role, an impossible task.

(36) Male Operations Managers, in contrast, were given the resources and help they needed.

(37) And, the Lynchburg facility was extremely behind prior to Ms. Craven's arrival as Operations Manager.

(38) As an example, the Lynchburg facility had not had a safety meeting in six (6) months prior to Ms. Craven's arrival as Operations Manager.

(39) Thus, Ms. Craven's facility needed more, not less, resources to get the facility operating in an appropriate manner.

**Ms. Craven reported the gender discrimination on December 16, 2019.**

(40) On or about December 16, 2019, Ms. Craven emailed Joe Salamone, Director of Operations – Mid-Atlantic, concerning the gender discrimination that she was experiencing.

(41) Troy Andes, Area Human Resources Manager, was supposed to meet with Ms. Craven concerning her gender discrimination complaint; however, this never occurred.

### Ms. Craven received her first negative performance review during her lengthy employment with Republic Services on January 16, 2020.

(42) Instead, within weeks, on or about January 16, 2020, Ms. Craven received a performance review where she was marked as "needs improvement."

(43) Prior to this time, Ms. Craven had always received "exceeds expectations" on her performance reviews.

### This was followed in short order by Republic Services assessing an unfounded counseling memorandum against Ms. Craven on January 30, 2020.

(44) On or about January 30, 2020, Ms. Craven received an unfounded counseling memo indicating that she had 60 days to improve. Between January and March 2020, Ms. Craven was given impossible goals to meet and was consistently targeted, in a clear effort to force her to resign and/or to build a pretextual reason to terminate her employment.

(45) James Reyburn, Division Manager, was put in charge of monitoring Ms. Craven during this time period, despite the fact that Ms. Craven had previously reported Mr. Reyburn for gender discrimination.

(46) The stress and anxiety that work caused Ms. Craven during this period was so severe that Ms. Craven would physically get sick at work and was placed on a heart monitor due to stress.

(47) While Ms. Craven was reprimanded for not making financial goals, male employees, and other employees who have not made gender discrimination complaints,

did not meet their financial goals but were not similarly reprimanded.

(48)   Ms. Craven had no control or authority over Republic Service's spending funds for which she was being reprimanded.

**As Republic Services had failed to investigate Ms. Craven's gender discrimination complaint and instead disciplined her, Ms. Craven reported on February 27, 2020 that her gender was being used against her and she was being retaliated against for reporting this.**

(49)   On February 27, 2020, Ms. Craven sent the following e-mail to Joe Salamone and James Reyburn, "I want to be clear on a point. I have worked for this company for years and have had a stellar record of employment here. Everything seemed to be setting me up for failure after my complaint I sent to Mr. [Salamone] on [December] 16 explaining how I felt that the environment is hostile and I felt discriminated against because I'm singled out woman in this environment. My gender I think has played a part in all of this and everything from my review to the performance plan I think was [retaliated against] for complaining to begin with. Please let me know what steps have been taken to address my discrimination complaint in December."

**Ms. Craven received no response but was informed 4 weeks later that Republic Services was "ready to terminate" her.**

(50)   Ms. Craven did not receive a response.

(51)   Instead, on March 26, 2020, Ms. Craven was informed by Joe Salamone that Republic Services was "ready to terminate" Ms. Craven's employment.

**Republic Services then indicated it changed its mind, and Ms. Craven should report to work.**

(52)   On March 27, 2020, Mr. Salamone changed course and stated that he was not going to recommend Ms. Craven for termination and that she should report to work on Monday, March 30, 2020.

8

**Ms. Craven worked without incident for another week and then was informed again that she was being terminated, on April 7, 2020.**

(53)    Ms. Craven reported to work as instructed and worked without incident, including working numerous hours over her normally scheduled hours due to an overabundance of work caused by COVID-19.

(54)    On April 7, 2020, Ms. Craven was informed again, this time by Mr. Reyburn and Dawna Compton, Human Resources, that her employment was terminated because, according to Republic Services, Ms. Craven had "improved some but not enough to keep [Ms. Craven] employed with Republic Services."

(55)    Ms. Craven was adequately performing at the time of her termination from employment.

**On information and belief, the female who held the Operations Manager position in Lynchburg, Virginia before Ms. Craven resigned after suffering gender discrimination.**

(56)    On information and belief, the female who held Ms. Craven's position, Operations Manager in Lynchburg, Virginia, prior to Ms. Craven, Bonnie Hockins, resigned after suffering gender discrimination at Republic Services.

(57)    In conclusion, Republic Services has participated in, and permitted, a culture of discrimination and a hostile work environment to exist against Ms. Craven, and other women, on the basis of Ms. Craven's gender, female, and has retaliated against Ms. Craven for making complaints concerning the discrimination and harassment all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq*.

(58)    Because the actions of Republic Services' supervisory employees were taken within the scope of their employment, Republic Services is responsible for their actions based upon the doctrine of *respondeat superior*.

## COUNT I: TITLE VII CLAIM FOR
## SEX HARASSMENT/HOSTILE WORK ENVIRONMENT

(59) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(60) Defendants had a duty to maintain a work environment free of sex discrimination and harassment.

(61) Defendants' action and inaction created a hostile an offensive work environment and interfered with Plaintiff's work.

(62) Defendants knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

(63) Defendants further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment and by permitting a work environment to exist that was hostile and offensive to Plaintiff and other female employees.

(64) As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(65) At all times material hereto, Defendants engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of compensatory and punitive damages.

(66) The above-described acts of Defendants constitute sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et. seq.*

## COUNT II: TITLE VII CLAIM FOR SEX DISCRIMINATION

(67) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(68) Defendants discriminated against Plaintiff in violation of federal law in that Defendants discriminated against Plaintiff and terminated her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

(69) As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(70) Defendants acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of liquidated and exemplary damages.

## COUNT III: TITLE VII CLAIM FOR RETALIATION

(71) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(72) Defendants discriminated against Plaintiff in violation of federal law in that Defendants retaliated against Plaintiff and terminated her employment for complaining about gender discrimination and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

(73) As a result of Defendants' retaliatory acts, Plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(74) Defendants acted willfully toward Plaintiff with actual malice or with reckless disregard of the protected rights of Plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, Plaintiff Wanda E. Craven demands judgment against Defendants Republic Services, Inc. and BFI Waste Services, LLC, d/b/a Allied Waste Services of Lynchburg/Republic Services of Lynchburg, jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest, and for costs and attorney's fees, and for such other and further relief as may be just and equitable.

Trial by jury is demanded on all issues on which Plaintiff is entitled to trial by jury, including any question concerning whether Plaintiff's claims must be submitted to arbitration.

Respectfully Submitted,

WANDA E. CRAVEN

*/s/ Brittany M. Haddox*
Brittany M. Haddox, Esq. (VSB # 86416)
L. Leigh R. Strelka, Esq. (VSB # 73355)
Thomas E. Strelka, Esq. (VSB # 75488)
Monica L. Mroz, Esq. (VSB # 65766)
N. Winston West, IV, Esq. (VSB # 92598)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
brittany@strelkalaw.com
leigh@strelkalaw.com
thomas@strelkalaw.com
monica@strelkalaw.com
winston@strelkalaw.com

*Counsel for Plaintiff*